**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-25-0000469
05-MAR-2026
07:56 AM
Dkt. 46 SO**

NO. CAAP-25-0000469

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

W.C., Plaintiff-Appellee,
v.
T.C., Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(CASE NO. 2DV181000355)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Wadsworth, JJ.)

In this appeal, self-represented Defendant-Appellant
T.C. (**Mother**) challenges the family court's denial of her motion
for post-decree relief requesting modification of a custody
order to allow her more unsupervised visitation with her child
(**Child**). We affirm.

Mother appeals from the Family Court of the Second
Circuit's (**Family Court**)[1] February 6, 2026 "Findings of Facts
[sic] [(**FOFs**)] and Conclusions of Law [(**COLs**)]" (**Order Denying**

---

[1] The Honorable James R. Rouse presided.

**Motion for Post-Decree Relief**), denying Mother's April 14, 2025 "Motion and Affidavit for Post-Decree Relief" (**Motion for Post-Decree Relief**).[2]

On appeal,[3] Mother contends the Family Court erred by denying her Motion for Post-Decree Relief on the ground that Mother "failed to prove a change in circumstance."

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by Mother,[4] we resolve the contention as follows.

The December 5, 2019 divorce decree awarded Father sole physical and legal custody of Child, and granted Mother "supervised visits" with Child.

Following the denial of Mother's four previous motions filed in 2021 to 2023 requesting modification of the divorce decree for unsupervised time with Child, Mother filed a fifth motion on June 27, 2024, again requesting unsupervised visitation. The family court[5] granted the motion in part on

---

[2]    We temporarily remanded this matter to the Family Court on December 19, 2025, for entry of a final order denying Mother's Motion for Post-Decree Relief. The Family Court entered the final order with FOFs and COLs on February 6, 2026.

[3]    Mother's Opening Brief does not contain citations to the record, and the points of error do not identify "where in the record" the alleged errors occurred and how they were preserved. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b). Despite the noncompliance, Mother's arguments are addressed to the extent they are discernible. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

On February 25, 2026, Mother filed an unauthorized "Reply Brief," which we construe as a supplemental brief addressing the Family Court's February 6, 2026 FOFs/COLs. In the supplemental brief, Mother appears to present the same arguments she presented in the Opening Brief to challenge the Family Court's FOFs/COLs. These arguments are unpersuasive.

[4]    Plaintiff-Appellee W.C. (**Father**) did not file an Answering Brief.

[5]    The Honorable Lance D. Collins presided.

December 17, 2024, and modified the decree to "permit one of the visitations every other week to be unsupervised."  The family court ordered a March 17, 2025 status hearing to assess "whether to maintain, discontinue or increase unsupervised visits."  At the March 17, 2025 status hearing, the family court ordered no further changes to the decree and no further hearings.

Less than a month later, on April 14, 2025, Mother filed the sixth Motion for Post-Decree Relief at issue in this case using a standardized form, again requesting modification of the decree for "more parenting time with Child unsupervised." In the portion of the form that asked what had "changed since the last custody order," Mother wrote: "The Mother has completed all court's orders and more.  The current order is harming Child and is not in [Child's] best interest.  The Child want's [sic] more time with her [M]other."  Attached was a document outlining "several reasons why the existing order . . . should be modified[,]" including that "the [C]hild's right to maintain a relationship with her [M]other and the [M]other's side of the family" was being denied; Father continued to "interfere with the [C]hild's contact and relationship with her [M]other"; a previous temporary restraining order (**TRO**) against Mother "ha[d] expired"; Mother had "completed 9 months of anger management classes," was "cleared by her psychologist," and had "completed parenting classes"; and there "have not been any supervised visits for the past 4 months due to [F]ather's refusal to allow someone other than [his girlfriend] to supervise."

At the May 12, 2025 hearing on Mother's latest motion, the Family Court asked Mother, "What is the material change in circumstance?" and Mother responded:

> I continue to file motions because [sic] the same situation. I'm not seeing my child. So we had court last month for the -- I think it was supposed to be a

3

> reconvenience [sic] for the order that they had done, giving me 50 minutes -- two 50-minute visits per month, and we were supposed to see how things went, and the judge was supposed to, you know, see whether or not we were going to stay like that or I was not going to have supervised visit. But then he said if I wanted to change that motion, I had to file another motion for court. So I did so and that's why we're here.

(Emphasis added.) Father argued there was no change in circumstance since the last March 17, 2025 hearing, Mother was a "vexatious litigant[,]" and Mother did not do what the Family Court "asked her to do like therapy for herself." Mother responded that she had "done everything the Court's [sic] ordered [her] to do," she had "done therapy[,]" that Father denied Mother "one visit last month[,]" that she was being denied a "different supervisor" for her supervised visits with Child, and that she should not be "separated from [her] [C]hild" because it was not in the Child's "best interest."

The Family Court denied the Motion for Post-Decree Relief because "there[] [was] no allegation of new material change in circumstance[,]" and the issues Mother raised were previously litigated. The Family Court's Order Denying Motion for Post-Decree Relief made the following pertinent FOFs and COLs:

FINDINGS OF FACT

. . . .

32. On April[ ]14, 2025, 27 days after the last hearing, Mother filed a Motion and Affidavit for Post Decree Relief.

33. In the April 14, 2025 pleading, "Mother requests more parenting time with the child unsupervised. 50 minutes 2 times a month is interfering with Mother and child bond. Child has no time to spend quality time with [Child's] mother and has no time to spend with [Child's] grandfather, uncles, aunty and cousins due to restricted visitation."

34. The April 14, 2025 pleading reads further, "A change in custody and or visitation as requested is appropriate because the circumstances of the subject child have changed

4

since the las [sic] custody order as follows: The Mother has completed all Court's orders and more. The current order is harming [C]hild and is not in [Child's] best interest. The child wants more time with her mother."

. . . .

36. The Court finds by taking judicial notice of the records and files of the entire case files and history of the case, these allegations are unsupported by the evidence previously presented and the Court's prior findings.

37. Mother's April 14, 2025 pleading re-asserts arguments that have already been raised and rejected by this Court.

. . . .

CONCLUSIONS OF LAW

. . . .

10. Mother, presented no new claim in her April 14, 2025 pleading that would justify any change in the order dated March 17, 2025.

Mother timely appealed.

Mother argues that the Family Court abused its discretion when it denied "her request for modification" where a modification is "in the [C]hild's best interests"; Father's TRO against Mother "expired 3 years ago"; and Mother has since "rehabilitated herself," "done therapy," and "received clearance as to her mental state."

Hawaii Revised Statutes (**HRS**) § 571-46(a)(6) (2018) provides that "[a]ny custody award shall be subject to modification or change whenever the best interests of the child require or justify the modification or change." Under HRS § 571-46, "there is a single inquiry which focuses on the best interests of the child[,]" which is "whether or not there has been such a change of circumstances that the modification will be for the best interest of the child." Waldecker v. O'Scanlon,

5

137 Hawaiʻi 460, 470, 375 P.3d 239, 249 (2016) (citation and brackets omitted).

Here, the record reflects, and the Family Court found, that the arguments asserted in Mother's latest motion regarding a change in circumstances were previously raised by Mother in her prior motions, and were already considered in the family court's prior March 17, 2025 custody order. See FOF 37. We conclude the Family Court did not abuse its discretion in denying Mother's April 14, 2025 Motion for Post-Decree Relief. See Kakinami v. Kakinami, 127 Hawaiʻi 126, 136, 276 P.3d 695, 705 (2012) (recognizing the family court's "wide discretion in making its decisions" (citation omitted)).

For the foregoing reasons, we affirm the Family Court of the Second Circuit's February 6, 2026 Order Denying Motion for Post-Decree Relief.

DATED:  Honolulu, Hawaiʻi, March 5, 2026.

On the briefs:

T.C.,
Self-Represented Defendant-Appellant.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge